UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YONG FENG LIU, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>KONG SONG NI, et al.,<br><br>   Defendants. | CASE NO. C13-0736JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

## I.   INTRODUCTION

This matter comes before the court *sua sponte*. The court has reviewed Plaintiffs Yong Feng Liu and Ping Hao's complaint (Dkt. # 1-1), the notice of removal (Dkt. # 1), and Defendants Kong Song Ni, Jane Doe Ni, and Ni & Wang, Inc.'s answer and counterclaim (Dkt. # 7). For the reasons discussed below, the court is not satisfied that it has subject matter jurisdiction over this action, and therefore, ORDERS Defendants to SHOW CAUSE within ten days of the date of this order why the case should not be remanded to King County Superior Court.

ORDER- 1

## II.   BACKGROUND

This is a contract dispute about the operation of Happy Garden Chinese Restaurant ("Happy Garden") in Burien, Washington.  Plaintiffs opened Happy Garden in 2003 and ran the restaurant until 2009 when they entered into a lease with Defendants to run the restaurant ("Restaurant Lease").  (Not. of Rem. Ex. A (Dkt. # 1-1) at 7.)  The parties' Restaurant Lease was for the exclusive right to operate Happy Garden, to capitalize on the restaurant's existing goodwill, and to use Plaintiffs' personal property in conjunction with the restaurant business (i.e., the menus, cooking equipment, utensils, etc.).  (*See id.* at 14-23.)

The Restaurant Lease contained a number of specific terms that are relevant to this dispute.  It obligated Defendants to pay Plaintiffs a refundable deposit of $20,000.00, and rent of $2,500.00 per month during the term of the lease; it also obligated Defendants to pay Plaintiffs for any "significant damage" to Happy Garden's "property, structure, and fixtures incurred during the term of the lease." (*Id.* at 16.)  The Restaurant Lease also contained a clause granting attorney's fees to the prevailing party in any litigation resulting from "a dispute concerning the terms and conditions of the agreement." (*Id.* at 20.)  Finally, the Restaurant Lease contained an option to purchase Happy Garden, which stated:  Defendants "have the right to buy the Restaurant . . . anytime during *the term of the Lease* for a pre-agreed price of One Hundred and Twenty Thousand Dollars . . . . The paid deposit shall be treated as pre-payment, i.e. [Defendants] only need[] to pay One Hundred Thousand Dollars . . . additional to complete the purchase." (*Id.* at 18 (emphasis added).)  By its terms, the Restaurant Lease ended on December 31, 2012.  (*Id.* at 16.)

ORDER- 2

The Restaurant Lease also contained liquidated damages clauses.  With respect to Plaintiffs, the Restaurant Lease provided in relevant part that they "agree[] to take [Defendants'] paid deposit of Twenty Thousand Dollars . . . as the sole and complete damage" for any material breach.  (*Id.* at 19.)  Likewise, with respect to Defendants, it provided in relevant part that they "agree[] to take Forty Thousand Dollars . . . as the sole and complete damage" for Plaintiffs' material breach.  (*Id.*)

Also relevant is a lease assignment executed between Plaintiffs, Defendants, and Plaintiffs' landlord, Ping Liu.  The parties executed this lease assignment because Plaintiffs do not own the property and building where Happy Garden is located.  (*Id.* at 7.)  Pursuant to the terms of the lease assignment, Defendants were assigned all of Plaintiffs' rights and duties under the original real property lease.  (*Id.* at 25.)  Allegedly, one of the obligations under the real property lease assigned to Defendants was the obligation to repair the roof.  (*Id.* at 7.)  However, sometime after the parties executed the assignment, Happy Garden's roof began to leak and Defendants allegedly did not repair the leak.  (*Id.* at 10.)

Apart from the leaky roof, there do not appear to have been any disputes between Plaintiffs and Defendants about Happy Garden's operations during the lease term.  (*See generally id.*)  However, after the expiration of the Restaurant Lease, Defendants allegedly continued operating the restaurant but did not continue paying Plaintiffs $2,500.00 per month for the use of their personal property.  (*Id.* at 11.)  Ping Liu also declined to renew the real property lease with Plaintiffs, instead electing to lease the property directly to Defendants.  (*See id.* at 10-11; *see also* Ans. (Dkt. # 7) ¶¶ 2.2, 2.20.)

ORDER- 3

Subsequently, Plaintiffs filed this lawsuit in King County Superior Court on March 22, 2013, to enforce the terms of the Restaurant Lease against Defendants. (*Id.* at 6.) Plaintiffs' complaint asks the court to enforce the terms of the Restaurant Lease's option to purchase, and to grant emergency injunctive relief, attorney's fees, and an unspecified amount of compensatory damages based on Defendants' alleged tortious interference with Plaintiffs' business expectancy in renewing the property lease with Ping Liu. (*Id.* at 12-13.) Defendants removed the case to federal court on April 25, 2013, invoking the court's diversity jurisdiction.[1] (*See generally* Not. of Rem. (citing 28 U.S.C. §§ 1332(a), 1441, 1446).) Defendants' notice of removal explains that the minimum amount in controversy for diversity jurisdiction is satisfied because:

> "[The case] involves monetary claims valued by Plaintiffs at more than $75,000. Plaintiffs seek monetary damages from the allegedly agreed upon price of the Restaurant, $120,000 . . . . In addition, Plaintiffs seek to retain the $20,000 as an alleged forfeiture and partial liquidated damages, and attorney's fees."

(Not. of Rem. ¶ 5.) Plaintiffs did not dispute Defendants' removal of the case. (*See generally* Dkt.)

### III.   SUBJECT MATTER JURISDICTION

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). One basis for such jurisdiction

---

[1] A defendant has 30 days from the date he or she is served to timely remove a case from state to federal court. *See* 28 U.S.C. § 1446(b). Here, Defendants timely removed the case because they were served on March 28, 2013, and removed the case 28 days later on April 25, 2013.

ORDER- 4

is diversity, the grounds upon which Defendants removed this action to federal court. (*See* Not. of Rem. at 1.)  Diversity jurisdiction exists "where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1).  When these diversity prerequisites for federal jurisdiction are met, a defendant who is not a citizen of the state where the suit was originally filed may remove the case from state to federal court.  *See* 28 U.S.C. § 1441.  The removal statute, however, is strictly construed against removal jurisdiction and the defendant always has the burden of establishing that removal is proper.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (1992).

There are two legal standards that potentially apply to a defendant when he or she seeks to remove a case to federal court.  The first applies where the plaintiff claims an amount in controversy on the face of his or her complaint.  In this instance, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith," and thus, a defendant can generally rely on that sum when removing a case to federal court.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Gaus*, 980 F.2d at 566 ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.").  However, a defendant cannot rely on the plaintiffs' stated amount if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Singer*, 116 F.3d at 375.  The second standard applies "if it is *unclear* what amount of damages the plaintiff has sought." *Gaus*, 980 F.2d at 566-67 (emphasis in original).  In this instance, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*; *see*

ORDER- 5

1 *also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). The defendant must prove that removal is proper by a preponderance of the evidence, and he or she may establish grounds for subject matter jurisdiction by putting forth "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus*, 980 F.3d at 567.

Although Defendants have the burden of establishing grounds for diversity jurisdiction, the court also has the obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte* if necessary. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)); *accord United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) ("The Court 'ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction.'") (quoting *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . .").

The court must evaluate the amount in controversy as part of its subject matter jurisdiction inquiry. When determining whether the amount in controversy is met in a diversity case, federal courts "look to state law to determine the nature and extent of the

ORDER- 6

right to be enforced." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961). The focus of the inquiry is on the face of the complaint itself. *Id.* Where the complaint seeks a specific amount of damages, the Ninth Circuit follows a "mechanical test:"

> The district court simply reads the ad damnum clause of the complaint to determine whether the 'matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs.' If the claim was 'apparently made in good faith,' then the sum claimed by the plaintiff controls for removal purposes unless 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'

*Singer*, 116 F.3d at 375 (citing 28 U.S.C. § 1332(a), which, in a now-superseded version, had a $50,000.00 amount in controversy requirement); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino*, 506 F.3d at 699. Thus, although a federal court must give due credit to a plaintiff's claims, "a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Salang v. CarMax Auto Superstores Cal. LLC*, No. 13-CV-870BEN (WVG), 2014 WL 334466, at *1 (S.D. Cal. Jan. 28, 2014); *see also Christensen v. N.W. Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980).

The minimum amount in controversy requirement for subject matter jurisdiction is not met in this case because it appears to the court to be a legal certainty that Plaintiffs cannot enforce the Restaurant Lease's option.[2] If the option were enforced, Plaintiffs

---

[2] The diversity of citizenship requirement in 28 U.S.C. § 1332(a) is met because Plaintiffs were Illinois citizens and Defendants were Washington citizens when this case was filed. (*See* Not. of Rem. Ex. A at 6); *see also Grupo DataFlux v. Atlas Global Grp., LP*, 541 U.S. 567, 571 (2004) (noting that diversity of citizenship is evaluated at the time the lawsuit is filed). Even though the parties are diverse, however, Defendants should not have removed this case to federal court because they are Washington citizens and 28 U.S.C § 1441(b) confines removal on the

would recover $120,000.00 from Defendants, which is more than the statutory minimum amount in controversy. (*See* Not. of Rem. Ex. A at 12-13.) However, there is no legal basis for a court to enforce an expired option to purchase against a purchaser. Generally, an option contract is a unilateral contract that may be accepted by the optionee only by performance in accordance with its terms. *See Pardee v. Jolly*, 182 P.3d 967, 973 (Wash. 2008) (citing *Whitworth v. Enitai Lumber Co.*, 220 P.2d 328, 330 (Wash. 1950)). An option contract is unilateral because, though it binds the optionor to sell, it does not bind the optionee to purchase. *Whitwoth*, 220 P.2d at 330. Rather, it gives the optionee the right, within a limited time period, to elect to purchase or exercise the option. *Id.* Here, Defendants did not exercise their option by paying Plaintiffs the deposit amount and an additional $100,000.00 before the option to purchase Happy Garden expired on December 31, 2012. (*See generally* Not. of Rem. Ex. A.) A court cannot now order Defendants to pay the option amount because, based on the facts in the amended complaint, they never elected to purchase Happy Garden and the option has expired. (*See id.*) Thus, because it appears to be a legal certainty that Plaintiffs cannot enforce the option and recover its value, this claim was not brought in good faith, and Defendants cannot rely on Plaintiffs stated amount in controversy in removing this case to federal court.

---

basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Nonetheless, this "forum defendant rule" is not a basis for this court's order to show cause because it is a non-jurisdictional procedural requirement that the court cannot raise *sua sponte*. *Id.* at 942.

ORDER- 8

Excluding the amount of Plaintiffs option claim, Defendants have not met their burden to prove that Plaintiffs' other claims satisfy the minimum amount in controversy by a preponderance of the evidence. Plaintiffs also claim that: (1) Defendants breached the Restaurant Lease by not repairing Happy Garden's leaky roof; (2) they should be granted attorney's fees; and (3) Defendants tortiously interfered with their business expectancy by negotiating a new property lease with Ping Liu. (*See* Not. of Rem. Ex. A at 11-12.) Plaintiffs do not speculate as to the value of these claims in their complaint, and Defendants have put forward no evidence that these claims exceed $75,000.00. Even assuming Defendants materially breached the terms of the Restaurant Lease by not repairing the leaky roof, Plaintiffs' damages are potentially limited by the Lease's liquidated damages provision to $20,000.00, and Defendants offer no contrary argument. (*See id.* at 19.) Likewise, although attorney's fees may be included in the amount in controversy, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002), Defendants have provided no evidence about the amount of attorney's fees likely to be charged in this lawsuit. Last, Defendants have provided no evidence as to the amount Plaintiffs could recover for their tortious interference claim. Although it appears that at least $20,000.00 is potentially in controversy, Defendants have not met their burden of establishing the minimum amount in controversy by a preponderance of the evidence because they have provided no evidence as to the amount in controversy related to Plaintiffs' attorney's fees and tortious interference claims.

//

//

ORDER- 9

## IV. CONCLUSION

For the foregoing reasons, the court does not believe it has subject matter jurisdiction, and thus, ORDERS Defendants to SHOW CAUSE within ten days of the date of this order why it should not remand the case to King County Superior Court. To prove that subject matter jurisdiction exists, Defendants should provide summary-judgment-type evidence that Plaintiffs' claims exceed the minimum amount in controversy.

Dated this 21st day of March, 2014.

JAMES L. ROBART
United States District Judge